**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ANTHONY QUINN MATTHEWS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-25-3994** |
| **v.** | * | |
| | * | |
| **RAFAEL LOPEZ, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

* * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Currently pending are self-represented plaintiff Anthony Quinn Matthews's ("Plaintiff") Amended Motion for Preliminary Injunction (ECF No. 27) and Motion to Expedite Consideration of Motion for Preliminary Injunction (ECF No. 30), as well as the Motion to Strike (ECF No. 37) and Motion to Dismiss (ECF No. 41) filed by defendants Secretary of the Maryland Department of Human Services ("DHS") and Executive Director of Maryland Child Support Administration ("CSA") (collectively, "State Defendants"). No hearing is necessary to resolve the motions. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, the Court shall grant State Defendants' motions and deny Plaintiff's motions.

## I. BACKGROUND

In his Amended Complaint, Plaintiff asserts claims against the DHS Secretary and CSA Executive Director, each in their official capacities, and Karen Winston and 10 unnamed "Doe Officials," in their individual capacities, for alleged violations of procedural due process in connection with CSA's enforcement of a child support arrears pursuant to a state court order. ECF No. 32. Plaintiff alleges that he submitted a formal request to modify the child support award based

on unspecified "material changes in circumstances" but received "no written decision, . . . hearing date, [or] final administrative determination[,]" and "enforcement mechanisms continued." *Id.* The child support arrears "were certified for passport denial pursuant to 42 U.S.C. § 652(k)." *Id.* Plaintiff asserts that he "received no meaningful pre-deprivation hearing prior to certification[,]" and his "passport eligibility was revoked or denied" as a result. *Id.* He further alleges that he "relies on international travel for employment opportunities" and "suffered employment losses" due to passport denial. *Id.* Plaintiff alleges that he "repeatedly sought administrative clarification and relief" but "[n]o adequate procedural mechanism was provided." *Id.* As relief, Plaintiff seeks a "[d]eclaratory judgment that Defendants' enforcement conduct violated federal constitutional requirements"; "[p]rospective injunctive relief" requiring "constitutionally adequate procedures prior to passport certification" and "adjudication of pending modification requests"; and "[c]ompensatory damages against individual-capacity defendants[.]" *Id.*

## II. STATE DEFENDANTS' MOTION TO DISMISS

State Defendants move to dismiss the Amended Complaint for lack of subject-matter jurisdiction and failure to state a claim for relief under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). To survive a challenge under Rule 12(b)(6), the plaintiff must have pleaded facts demonstrating "a claim to relief that is plausible on its face." *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the court must construe pro se pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of

the plaintiff,'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)).

The Due Process Clause of the Fourteenth Amendment "prohibits the states from 'depriv[ing] any person of life, liberty, or property, without due process of law.'" *Todman v. Mayor & City Council of Balt.*, 104 F.4th 479, 487 (4th Cir. 2024). "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). Put differently, the plaintiff "must show (1) that they were deprived of a cognizable liberty or property interest (2) through some form of state action (3) with constitutionally inadequate procedures." *Todman*, 104 F.4th at 487.

The Amended Complaint identifies a plausible deprivation of a cognizable liberty or property interest in the denial or cancellation of Plaintiff's passport. *See Atem v. Ashcroft*, 312 F. Supp. 2d 792, 801 n.16 (E.D. Va. 2004). However, Plaintiff fails to allege sufficient facts to support a reasonable inference that he was denied constitutionally adequate procedures.

The CSA is the state agency responsible for enforcement of child support obligations. Md. Code Ann., Fam. Law ("FL") § 10-108(b). Federal law requires the state agency to implement a procedure for certifying to the federal government "determinations that individuals owe arrearages of child support in an amount exceeding $2,500, under which procedure . . . each individual concerned is afforded notice of such determination and the consequences thereof, and an opportunity to contest the determination[.]" 42 U.S.C. § 654(31). State regulations also require CSA to "send written notice of the certification to the obligor at the obligor's last known address at least 30 days before certification." Md. Code Regs. 07.07.17.02.B. Certification to the federal government requires the Secretary of State to "refuse to issue a passport" to the obligor and permits

revocation or restriction of a passport previously issued to the obligor. 42 U.S.C. § 652(k). Upon notice of certification, an obligor may request that CSA investigate the accuracy of the records regarding the support obligation and arrears. Md. Code Regs. 07.07.17.03.A. The obligor "may request an investigation on a claim that the . . . [p]assport is required for employment purposes and neither the obligor nor the obligor's employer is able to pay the arrears in full." Md. Code Regs. 07.07.17.03.C. "If [CSA] determines that a passport is needed for employment purposes, and that neither the obligor nor the obligor's employer is able to pay the arrears in full, [CSA] may request that [its] Office of Child Support Enforcement withdraw the passport denial or revocation upon a payment that is less than the full amount of arrears." Md. Code Regs. 07.07.17.04.D. Additionally, upon notification from the State Department, an obligor may appeal CSA's certification of child support arrears to the Office of Administrative Hearings ("OAH") based upon a claim that "[a] passport is required for employment purposes and neither the obligor nor the obligor's employer is able to pay the arrears in full." Md. Code Regs. 07.07.17.05.B, C. An obligor may also petition the state court to "modify a child support award" by filing "a motion for modification and upon a showing of a material change of circumstance." FL § 12-104(a).

This Court perceives no constitutional deficiency in the above-described procedural mechanisms. *See Weinstein v. Albright*, 261 F.3d 127, 134–37 (2d Cir. 2001). Plaintiff does not argue that they fail to provide sufficient protection against erroneous passport denials. And his Amended Complaint does not include sufficient facts to support a reasonable inference that he was denied the above procedures. For instance, Plaintiff does not allege in the Amended Complaint that Defendants failed to send him advance written notice of certification, that he requested investigation of his claim regarding his need for a passport for employment purposes, that he appealed his certification to OAH, or that he filed any motion in state court to modify the child

support award based on the alleged material change in circumstances. Plaintiff's allegation that he "repeatedly sought administrative clarification and relief" leaves unclear whether he availed himself of the processes prescribed by statute and regulation. Based on the Amended Complaint, one can only speculate whether Plaintiff has been denied constitutionally adequate procedures.

Furthermore, the facts in the Amended Complaint are insufficient to state any plausible claim against Karen Winston or any unnamed state official for compensatory damages. Liability for money damages under 42 U.S.C. § 1983 attaches only upon personal participation in a constitutional violation by a defendant acting under color of state law. *See Love-Lane v. Martin*, 355 F.3d 766, 782–83 (4th Cir. 2004); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). The Amended Complaint does not include any allegations about any action Karen Winston or any other specific state official took that violated Plaintiff's constitutional rights. The Amended Complaint is dismissed as to these individual-capacity defendants for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

Additionally, Plaintiff may assert claims against state officials in their official capacities only insofar as he seeks prospective injunctive relief against ongoing constitutional violations. Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Pense v. Md. Dep't of Pub. Safety & Corr. Servs.*, 926 F.3d 97, 100 (4th Cir. 2019) (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). Eleventh Amendment immunity extends to state officials and state instrumentalities. *See Doe v. Cmty. Coll. of Balt. Cnty.*, 595 F. Supp. 3d 392, 410 (D. Md. 2022) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984)). However, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666

F.3d 244, 249 (4th Cir. 2012) (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). Plaintiff's request for a declaratory judgment that "Defendants' enforcement conduct violated federal constitutional requirements" does not fall within this exception because it requires litigation of past—rather than ongoing—violations. *See Green v. Mansour*, 474 U.S. 64, 73 (1985). Truly prospective injunctive relief against State Defendants may be available, but the Amended Complaint fails to identify a plausible constitutional violation—whether past or present.

In sum, the Court finds the Amended Complaint insufficient to state any plausible claim for relief over which this Court has jurisdiction. In due consideration of Plaintiff's self-represented status, he will receive an opportunity to amend his pleading.

## III. PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND TO EXPEDITE

Plaintiff's motion for a preliminary injunction is denied. Preliminary injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). It "involv[es] the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 272 (4th Cir. 2002) (quoting *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001)). Awarding this extraordinary remedy thus requires "a clear showing that the [movant] is entitled to such relief." *Winter*, 555 U.S. at 22. To prevail on a motion for a preliminary injunction, the movant must demonstrate (1) that it is likely to succeed on the merits of its claims, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of the equities tips in its favor, and (4) that an injunction is in the public interest. *Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023) (citing *Winter*, 555 U.S. at 20). Here, having failed to state a plausible claim for relief this Court has jurisdiction to grant, Plaintiff fails to make a clear showing he is likely to succeed on the merits of his claims.

## IV. STATE DEFENDANTS' MOTION TO STRIKE RETURNS OF SERVICE

Finally, State Defendants move to strike returns of service of process docketed at ECF Nos. 34 and 34-1, arguing that they were not properly served on the date reflected in the returns, which resulted in the setting of an erroneous deadline for their response. ECF No. 37. Plaintiff filed a response to this motion but does not meaningfully contest the relief State Defendants seek. ECF No. 38. Defendant's motion shall be granted for the reasons stated in their motion.

## V. ORDER

For the reasons stated above, it is this 29th day of September, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. State Defendants' Motion to Dismiss (ECF No. 41) is GRANTED;
2. The Amended Complaint is DISMISSED without prejudice;
3. Plaintiff's Amended Motion for Preliminary Injunction (ECF No. 27) and Motion to Expedite (ECF No. 30) are DENIED;
4. State Defendants' Motion to Strike Returns of Service (ECF No. 37) is GRANTED;
5. The returns of service docketed at ECF Nos. 34 and 34-1 are STRICKEN;
6. Plaintiff shall file any motion for leave to amend with any proposed amended pleading no later than **October 20, 2026**;
7. Plaintiff is FOREWARNED that if he fails or declines to move for leave to amend, this action may be closed without further notice; and
8. The Clerk SHALL SEND a copy of this Memorandum Opinion and Order to Plaintiff and to counsel of record.

_____/S/______________________
Matthew J. Maddox
United States District Judge